UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. LYNN HLATKY and PHILIP HAHNFELDT, <br><br> Plaintiffs, <br><br> v. <br><br> HAROLD B. MURPHY; MURPHY & KING, PC; CHRISTOPHER CONDON; STEWARD HEALTH CARE SYSTEM, LLC; VERDOLINO & LOWEY, PC; CRAIG R. JALBERT; THOMAS BAILEY; and MICHAEL SAPERSTEIN, <br><br> Respondents. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *     Civil Action No. 1:25-cv-12349-IT |

ORDER TO SHOW CAUSE

December 4, 2025

TALWANI, D.J.

Plaintiffs Lynn Hlatky and Philip Hahnfeldt filed a complaint in this case on August 25, 2025. See Compl. [Doc. No. 1]. Summonses were issued as to Respondents, Thomas Bailey; Christopher Condon; Craig R. Jalbert; Harold B. Murphy; Murphy & King, PC; Michael Saperstein; Steward Health Care System, LLC; and Verdolino & Lowey, PC, on August 26, 2025. [Doc. No. 5].[1] To date, the summonses have not been returned with proof of execution that satisfies the requirements of Federal Rule of Civil Procedure 4. See Fed.

---

[1] The court notes that summonses sent to Plaintiff Hlatky at the address Plaintiffs provided to the court were returned "undeliverable." [Doc. No. 12]. This court's Local Rules require a litigant proceeding *pro se* to "provide the clerk and all parties a mailing address at which service upon the *pro se* party can be made," see L.R., D. Mass 83.5.5(e), and "[a]ny notice sent by the clerk or any party to a *pro se* party shall be deemed delivered and properly served if sent to the most recent address . . . provided by the *pro se* party[,]" see id. L.R. 83.5.5(h). Plaintiff Hlatky must provide an updated address to the clerk if the address on file is not correct. See id.

R. Civ. P. 4(c)(2) ("[a]ny person who is at least 18 years old and not a party may serve a summons and complaint"); Fed. R. Civ. P. 4(e) ('[u]nless federal law provides otherwise, an individual . . . may be served" by delivering the summons and complaint personally, leaving the summons and complaint at the individual's dwelling or usual place of abode, or by following state law for service of process); Fed. R. Civ. P. 4(h) (setting forth similar rules for service on a corporation or partnership); Mass. R. Civ. P. 4(c) (Service "shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; by some persona specially appointed by the court for that purpose" when not an action in the Probate Courts).

More than ninety days have passed since the court issued summons in this case. Accordingly, the case is subject to dismissal. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); L.R., D. Mass. 4.1(b) ("If on the 14th day following the expiration of the 90-day period good cause has not been shown [for the failure to make timely service] . . . the clerk shall forthwith automatically enter an order of dismissal").

If Plaintiffs believes dismissal is unwarranted, Plaintiffs shall file by no later than December 26, 2025, a response to this order setting forth good cause why the court should not dismiss the case.

IT IS SO ORDERED.

                                            /s/ Indira Talwani
                                            United States District Judge

December 4, 2025